**EXHIBIT 2**

Case: 26-3196    Document: 19-2    Filed: 04/08/2026    Page: 2
Case 1:25-cv-01283-ABA    Document 36-3    Filed 06/13/25    Page 2 of 158

1

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

- - - - - - - - - - - - - - - - -X
                                 :
KALSHIEX LLC,                    :
                                 :
          Appellee,              :
                                 :
     v.                          :  No. 24-5205
                                 :
COMMODITY FUTURES TRADING        :
COMMISSION,                      :
                                 :
          Appellant.             :
- - - - - - - - - - - - - - - - -X
                              Thursday, September 19, 2024

                              Washington, D.C.

    The above-entitled matter came on for oral argument pursuant to notice.

    BEFORE:

         CIRCUIT JUDGES MILLETT, PILLARD, AND PAN

    APPEARANCES:

         ON BEHALF OF THE APPELLANT:

         ROBERT A. SCHWARTZ, ESQ.

         ON BEHALF OF THE APPELLEE:

         YAAKOV M. ROTH, ESQ.

Case: 26-3196    Document: 19-2    Filed: 04/08/2026    Page: 3
Case 1:25-cv-01283-ABA    Document 36-3    Filed 06/13/25    Page 3 of 158

2

C O N T E N T S

ORAL ARGUMENT OF:                                              PAGE

        ROBERT A. SCHWARTZ, Esq.
        On Behalf of the Appellant                         3; 148

        YAAKOV M. ROTH, Esq.
        On Behalf of the Appellee                             61

Case: 26-3196   Document: 19-2   Filed: 04/08/2026   Page: 4
Case 1:25-cv-01283-ABA   Document 36-3   Filed 06/13/25   Page 74 of 158

73

MR. ROTH:  They have relevant distinctions from both, but I think the question is, if we're trying to define gaming, what is the definition that actually makes sense that has some source?  And I understand if it's going to be --

JUDGE PILLARD:  So there are two separate things.  I get -- I get it that you're arguing about the source.  But then, I thought you were making another argument that it just doesn't -- it's just not coherent or workable as a kind of -- as a kind of --

MR. ROTH:  Well, I think as --

JUDGE PILLARD:   -- a functional matter.

MR. ROTH:  Well, let me make both points, okay? First, I want to make the point that it doesn't have a principled source.  It's not in any -- any dictionary. It's not in legislative history where -- if you look at where they do draw it from, I think it's very telling. They draw it from some state laws that -- state gambling laws that use the term contest.  And let me give you some context for those, because they are so instructive on what is meant and what is not meant.  So there's only a few, actually, that use it.

Delaware is one example.  It refers to betting on a trial or contest of skill, speed, or power of endurance of human or beast.  Louisiana talks about

Case: 26-3196    Document: 19-2    Filed: 04/08/2026    Page: 5
Case 1:25-cv-01283-ABA    Document 36-3    Filed 06/13/25    Page 75 of 158

74

betting on a game, contest, lottery, or contrivance.  When you look at those statutes in context, I think it's really clear they don't mean contest to cov -- to cover elections, just like they don't mean trial to cover a jury trial.  That's not what they're talking about.  They're talking about games and things like games.

And the second point I was go -- and going to the sort of the policy of it, I do think it makes sense, as a -- as a way for Congress to have drawn the line, to say games, as a general matter, are things we don't want people betting on because they don't have extrinsic consequences.  It's -- I'm not saying it's a perfect line.  There's lots of things that people can bet on that aren't games that don't have extrinsic consequences, and there are -- there may be some games that do have extrinsic consequences.

As a rough line, it makes perfect sense.  And the line they're drawing doesn't really make any sense, because why would I be allowed under the statute to offer an event contract on how many times somebody is going to tweet during a presidential debate, but not on who's going to control the House, when that actually has significant economic consequences that real people want to hedge.

JUDGE PILLARD:  Wait.  There are no contracts on how many times somebody --

escribers

www.escribers.net | 800-257-0885

Case: 26-3196    Document: 19-2    Filed: 04/08/2026    Page: 6
Case 1:25-cv-01283-ABA    Document 36-3    Filed 06/13/25    Page 76 of 158

75

MR. ROTH:  Yes, there are.  Yes.

JUDGE PILLARD:  On the exchange?

MR. ROTH:  Yes.

JUDGE PILLARD:  Oh.  Are there -- is that cited in your brief?

MR. ROTH:  There's lots of -- I mean, there's too many examples to cite in our briefs.

JUDGE MILLETT:  Can you say again --

JUDGE PILLARD:  These are self-certified --

MR. ROTH:  I -- I -- I can't --

JUDGE PILLARD:  -- DCMs that do this?

MR. ROTH:  I can't remember exactly who does what, but I -- but there are contracts --

JUDGE MILLETT:  What is the -- I'm sorry, I just didn't hear the --

MR. ROTH:  It was like, how many times will a certain candidate tweet during a certain period of time?

JUDGE MILLETT:  A certain candidate?

MR. ROTH:  President Trump, okay?  How many times will President Trump tweet during a certain period of time?  I know there are contracts on that.  I don't know who offers them, but I'm --

JUDGE MILLETT:  That has economic consequences?

MR. ROTH:  No, my point is it doesn't.  But it's not a contest of others.  So my point is their test --

escribers

www.escribers.net | 800-257-0885

157

<u>DIGITALLY SIGNED CERTIFICATE</u>

I certify that the foregoing is a correct transcription of the electronic sound recording of the proceedings in the above-entitled matter.


*Derek Sonderfan*

_____

Derek Sonderfan

<u>September 27, 2024</u>
Date

eScribers, LLC

www.escribers.net | 800-257-0885