**Nos. 26-3196; 26-5235**

## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

| KALSHIEX, LLC, | KALSHIEX, LLC, |
|---|---|
| Plaintiff-Appellant; | Plaintiff-Appellee; |
| v. | v. |
| MATTHEW T. SCHULER, ET AL., | WILLIAM ORGEL, ET AL., |
| Defendants-Appellees. | Defendants-Appellants. |
| On Appeal from the United States District Court for the Southern District of Ohio, No. 2:25-cv-1165 | On Appeal from the United States District Court for the Middle District of Tennessee, No. 3:26-cv-00034 |

## MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT AS AMICUS CURIAE

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), the U.S. Commodity Futures Trading Commission ("CFTC") respectfully moves for leave to participate in oral argument in the above-captioned cases as *amicus curiae*. In support of this motion, the CFTC states as follows:

1.     This Court has scheduled oral argument in these cases for July 30, 2026 and has allotted 15 minutes per side.

1

2.    On May 12, 2026, the CFTC filed an amicus brief in the *Schuler* appeal in support of the plaintiff-appellant ("Kalshi"). The CFTC intends to file an amicus brief in support of Kalshi in the *Orgel* appeal, as well.

3.    These cases are ultimately about the CFTC's jurisdiction. The Commodity Exchange Act ("CEA") gives the CFTC "exclusive jurisdiction" to regulate "transactions involving swaps . . . traded or executed on a contract market designated" by the CFTC.  7 U.S.C. § 2(a)(1)(A).  Thus, as the *Schuler* motions panel observed, the Court must decide (1) whether Kalshi's "event contracts qualify as 'swaps'" under the CEA, and if so, (2) whether the CFTC's exclusive jurisdiction over swap transactions "preempts [state] sports-betting laws." *KalshiEX, LLC v. Schuler*, No. 26-3196, Dkt. 26-2 at 6 (6th Cir. Apr. 24, 2026).  The answers to those questions have significant consequences for the CFTC's jurisdiction.  Accordingly, the CFTC respectfully requests that the Court permit it to participate at oral argument in these cases.

4.    The CFTC has conferred with counsel for Kalshi, the Ohio parties, and the Tennessee parties.  All parties consent to an enlargement of the time for oral argument by 10 minutes in each case, with 5 of the additional minutes allotted to the CFTC and the other 5 additional minutes allotted to the respective state parties.

5.    To the extent the Court does not wish to enlarge the total time for oral argument, the CFTC respectfully requests that it be allotted 5 minutes of time in each

case, to be taken from the 15 minutes allotted to Kalshi.  All parties consent to this request.

June 8, 2026                                Respectfully submitted,

                                            */s/ Henry J. Dickman*
                                            D.C. Bar 1724459
                                            Tyler S. Badgley, General Counsel
                                            M. Jordan Minot, Deputy General Counsel
                                            Henry J. Dickman, Sr. Assistant General Counsel
                                            Anne Stukes, Sr. Assistant General Counsel
                                            Commodity Futures Trading Commission
                                            Three Lafayette Centre
                                            1155 21st Street, N.W.
                                            Washington, D.C. 20581
                                            hdickman@cftc.gov
                                            (202) 418-5607

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief complies with the length limitations in Fed. R. App. 27(d)(2), in that it has 330 words (excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 6th Cir. R. 32(b)(1)).

I certify that, pursuant to Fed. R. App. 27(d)(1)(E), this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type-style requirements of Fed. R. App. P. 32(a)(6) because this brief was prepared in proportionally spaced typeface using Microsoft Word 365 and is set in 14-point sized Times New Roman type style.

*/s/ Henry J. Dickman*

## CERTIFICATE OF SERVICE

I certify that on June 8, 2026, I electronically filed this Motion with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system and thereby served all participants in the cases who are registered CM/ECF users.

*/s/ Henry J. Dickman*