

Office of the Solicitor General
Office 614-466-8980
Fax 614-466-5087

July 29, 2026

Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

      Re:  Response to 28(j) notice in *KalshiEX LLC v. Schuler, et al.*
            No. 26-3196 [consolidated with 26-5235]

Dear Ms. Stephens:

    *KalshiEX LLC v. Ellison*, No. 26-cv-2778 (D. Minn. July 27, 2026) supports Ohio—not Kalshi.

    *First*, the Court addressed a novel state law unlike the one here. Minnesota's prediction-market statute criminalized *all* transactions on prediction markets and even advertising such markets. Op.11–12. The law "applie[d] to far more than sports-related event contracts." Op.24 n.17. Given the "unique nature" of Minnesota's law—which covered *any* transactions on prediction markets—the Court granted preliminary relief. Op.23. And because, unlike here, the case did not involve the State's historic police power to regulate sports-gambling, the Court did not address the federalism canon or major-questions doctrine.

    *Second,* the Court's swap analysis supports Ohio. It explicitly recognized that "not *all* the trades offered by Kalshi … appear to fit the CEA's definition of 'swaps.'" Op.34. Many sports-related contracts "might not be a swap," the Court explained, because they "lack[] any connection with a potential financial, economic, or commercial consequence." Op.33 n.22. As the Court noted, "associated with" must contain "limit[s]" or else the "most remote of attenuated connections-upon-connections [] qualify as swaps." Op.27 (quotation omitted). The Court concluded that things like "markets concerning what announcers would say during broadcasts"

were not "swaps." Op.35. And because Kalshi had not shown that "every event contract listed … fits the statutory definition of a 'swap,'" it had a "much weaker claim[] that the CFTC is the only authority that can regulate them." Op.23. However, the Court enjoined the sweeping Minnesota law because, it determined, many contracts offered by Kalshi did fall within the CEA, such as "when traffic in the Strait of Hormuz would return to normal." Op.34. Such transactions are not at issue here. And to the extent the Court suggested that some sports transactions are "swaps," the Court's preliminary analysis erred.

*Third*, the Court declined the on-DCM (designated contract market) distinction Kalshi offers. It rejected the argument that *any* agreement on a DCM necessarily preempts state law because "exclusive jurisdiction" "extends to transactions involving *swaps* … not to every conceivable event contract that Kalshi … might host." Op.23 (emphasis in original).[*]

D. ANDREW WILSON
Ohio Attorney General

/s/ *Mathura J. Sridharan*
MATHURA J. SRIDHARAN*
Ohio Solicitor General
 **Counsel of Record*
ZACHERY P. KELLER
JOHN F. KERKHOFF
LAYNE H. TIESZEN
Deputy Solicitors General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614.466.8980
Mathura.Sridharan@OhioAGO.gov

*Counsel for Appellees*

---

[*] This notice complies with Federal Rule of Appellate Procedure 28(j), as the body contains 346 words

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

*/s/  Mathura J. Sridharan*
Mathura J. Sridharan
Solicitor General