ANDY WILSON
OHIO ATTORNEY GENERAL

Office of the Solicitor General
Office 614-466-8980
Fax 614-466-5087

August 12, 2026

Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

Re: Response to 28(j) notice in *KalshiEX LLC v. Schuler, et al.*
No. 26-3196 [consolidated with 26-5235]

Dear Ms. Stephens:

Kalshi's most recent notice of supplemental "authority"—this time, a North Carolina statute—concerns the second of "two things" Kalshi needs to show to win: that the Commodity Exchange Act preempts the application of state law for financial instruments covered by the Act. *Kalshiex LLC v. Schuler*, 2026 WL 1295806, *3 (Apr. 24, 2026). Kalshi's notice contains a startling concession in the State defendants' favor. And the out-of-state law is inapposite.

Kalshi now inserts a late-breaking, never-before-embraced concession: that State law *does* apply to transactions on designated contract markets. *Contra* Kalshi Br.31 (arguing that "exclusive" means not "shared with others"); *id.* at 32–44; Kalshi Reply Br.20–29. Kalshi's concession confirms the Ohio defendants' point all along—"that some preemption over something (traditional derivatives)" under the exclusive jurisdiction clause does not mean "all preemption over everything, including sports bets." Ohio Br.24.

At any rate, the "authority" is irrelevant.

*First*, North Carolina's law says nothing about the first of two "things" Kalshi needs to win: whether sports bets are swaps or any other instrument covered under the Act. *Schuler*, 2026 WL 1295806 at *3. They are not. Ohio Br.31–45.

*Second,* North Carolina's policy choice—to tax prediction-market transactions—does not bear on Ohio's authority to regulate sports betting. N.C. Gen. Stat. §§105-113.130, 105-113.131. North Carolina's decision to *refrain* from further regulation says nothing about the State's authority to regulate traditional sports gambling. Put another way, North Carolina's regulation of some economic activity says nothing about its authority to regulate gambling. So the law does not change North Carolina's, or any State's, traditional authority to regulate sports gambling. *Ah Sin v. Wittman*, 198 U.S. 500, 505–06 (1905). Regardless, North Carolina's policy choices do not affect Ohio's. *See BMW of N. Am. v. Gore*, 517 U.S. 559, 571 (1996). And even if North Carolina's legislature were offering its opinion about whether federal law preempts State regulation of sports betting, as Kalshi seems to think, a state legislature does not determine the meaning of federal law.*

D. ANDREW WILSON
Ohio Attorney General

*/s/ Mathura J. Sridharan*
MATHURA J. SRIDHARAN*
Ohio Solicitor General
**Counsel of Record*
ZACHERY P. KELLER
JOHN F. KERKHOFF
LAYNE H. TIESZEN
Deputy Solicitors General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614.466.8980
Mathura.Sridharan@OhioAGO.gov

*Counsel for Appellees*

* This notice complies with Federal Rule of Appellate Procedure 28(j), as the body contains 334 words

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

*/s/ Mathura J. Sridharan*
Mathura J. Sridharan
Solicitor General