Milbank
**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W. | Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com | milbank.com

August 17, 2026

**By Electronic Filing**

Kelly L. Stephens
Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202-3988

**Re: *KalshiEX LLC v. Schuler, et al.* and *KalshiEX LLC v. Orgel, et al.*, Nos. 26-3196 and 26-5235 – FRAP 28(j) Letter Reply**

Dear Ms. Stephens:

Defendants' August 12 responses to Kalshi's August 11 Rule 28(j) letter mischaracterize Kalshi's position in two ways.

*First*, the letters assert that Kalshi's endorsement of the North Carolina law represents a retreat from Kalshi's position that the CEA preempts "everything" related to derivatives trading. Schuler Ltr. 1. But Kalshi has never argued that the CEA preempts all state laws related to derivatives. Rather, Kalshi has consistently explained that Section 2(a) "expressly preempts state regulation of trading on DCMs"; that "the CEA preempts the field of regulating trading on DCMs"; and that state efforts to regulate trading on DCMs conflict with the CFTC's regulatory jurisdiction. *Schuler* Appellant Br. 26-27; *see Orgel* Appellee Br. 22-23. Kalshi's embrace of the North Carolina law is consistent with that position. The North Carolina law imposes a 6% tax on revenue attributable to the state. It does not *regulate* trading on DCMs in any way. *See Learning Res., Inc. v. Trump*, 607 U.S. 229, 249 (2026) (the term " 'regulate' … is not usually thought to include[] taxation"). Indeed, the law explicitly states that the "tax does not impose any license, registration, or other regulatory requirements or obligations of any kind on prediction markets." S.B. 257 § 44.9(a).

*Second*, Tennessee argues that if North Carolina may impose its tax on Kalshi, then Tennessee must be permitted to subject Kalshi to its wagering tax. That misunderstands Kalshi's objection to Tennessee's law. Tennessee's tax is on sports-wagering "licensee[s]," Tenn. Code § 4-49-104, and Kalshi has explained that it cannot be forced to obtain a sports-wagering license, which would require it to comply with all manner of regulations that govern on-DCM trading.

States may pass neutral, non-discriminatory taxes that apply to DCMs, but they may not require DCMs to submit to state regulation as a condition of operating in the state.

Respectfully submitted,

*/s/ William E. Havemann*
William E. Havemann

*Counsel for KalshiEX LLC, Appellant in No. 26-3196 and Appellee in No. 26-5235*

cc: All Counsel (via ECF)
Word Count: 299